FILED

01/17/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0163

DA 16-0163

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 9N

IN RE THE MARRIAGE OF:

WILLIAM BARTON KENNEY,

> Petitioner, Appellant
> and Cross-Appellee,

and

CHARLOTTE M. KENNEY,

> Respondent, Appellee
> and Cross-Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 14-1010
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:
>
> William M. Gilbert, High Plains Law, PLLC, Billings, Montana
>
> For Appellee:
>
> Martha Joan Messex Casey, Hendrickson Law Firm, P.C.,
> Billings, Montana

Submitted on Briefs: December 14, 2016

Decided: January 17, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 William Kenney and Charlotte Greni married in January 2006 after living together and sharing expenses since 1999. William was 47 years old at the time of the marriage and Charlotte was 50 years old. It was the third marriage for both and the couple has no children together.

¶3 William is healthy, employed, and has a strong work history with established retirement and pension accounts with at least two employers. Additionally, to supplement his income as a grain/flour miller with his current employer Grain Craft at which he earned approximately $54,000 in 2014, William is a skillful day trader and built an Ameritrade account containing approximately $118,000 at the time of the dissolution hearing in September 2015. Additionally, William brought multiple vehicles, personal items, and a Billings, Montana, house into the relationship.

¶4 Charlotte entered the relationship with personal belongings, furniture, a vehicle, a retirement account from a former employer, and a full-time job. In 2009, Charlotte was diagnosed with lumbar spine degenerative disc disease but continued to work full-time until May 2012 when she had to reduce her working time. In October 2012, Charlotte

2

underwent spinal surgery followed by a second surgery in October 2013. She is facing future surgeries as well. In January 2014, the Social Security Administration determined that Charlotte was fully disabled retroactive to May 2012. In 2014, she received $22,126 from Social Security Disability and earned $10,834 as a part-time child care assistant at Human Resources Development Council. She currently receives $914.00/month in Social Security Disability benefits.

¶5 In October 2014, William filed a Petition for Dissolution of Marriage claiming the marriage was irretrievably broken and advocating equitable division of marital property but no awards of spousal support, maintenance, or attorney fees. Charlotte responded and filed a counter petition for dissolution in which she agreed the marriage should be dissolved but she sought spousal support or maintenance based upon her inability to support herself through suitable employment. She further requested an award of her attorney fees.

¶6 Following unsuccessful mediation in June 2015, a bench trial was held on September 4, 2015. Both William and Charlotte testified and submitted exhibits. In February 2016, the District Court issued its Findings of Fact, Conclusions of Law and Decree of Dissolution. The court granted dissolution, valued the marital estate, and after analyzing the parties' individual financial situations equitably divided the Estate between them. It granted Charlotte's request for maintenance in the amount of $1,200/month for 10 years beginning in February 2016 and ordered the parties to bear their own attorney fees and costs.

¶7 William filed a timely appeal.

¶8 Section 40-4-202, MCA, governs the division of property in a marital dissolution case. We have repeatedly held that § 40-4-202, MCA, vests district courts with broad discretion when equitably distributing the marital estate. *In re Marriage of Swanson*, 2004 MT 124, ¶ 12, 321 Mont. 250, 90 P.3d 418. We review a district court's findings of fact in a dissolution proceeding for error and absent clearly erroneous findings or abuse of discretion, we will affirm a district court's division of property. *Swanson*, ¶ 12.

¶9 William claims on appeal that the District Court failed to calculate an accurate net worth of the marital assets and that it erred in calculating and awarding maintenance to Charlotte. Specifically, William asserts the District Court made no findings as to the value of the parties' retirement accounts. He alleges that evidence of the present value of his 401(k) accounts with both former-employer Sysco and current-employer Grain Craft were presented at trial and should have been included in the net worth of the marital estate. He acknowledges that the balances of his defined benefit/pension plans with each of these employers was not presented or determined at trial as their present values are "unclear." He maintains that, without such a value, it is impossible to determine the net worth of the estate or the amount of the estate each party received.

¶10 Charlotte urges us to affirm the court's equitable decision, alleging that William failed to provide necessary information regarding the balances of his retirement and pension accounts.

¶11 Section 40-4-202, MCA, expressly states that the "court . . . shall . . . equitably apportion . . . property and assets" belonging to the parties. While the District Court did not attribute express values to William's various retirement accounts, the court

4

nonetheless gave them adequate consideration and equitable distribution, keeping an open record to oversee future distributions. It held that all premarital contributions—both William's and his employer's—belonged to William and all post-marital contributions were to be divided equally.

¶12 Additionally, in distributing the remaining assets in this case, the District Court considered each of the multiple specific factors set forth in § 40-4-202(1), MCA, including, but not limited to, age, health, station, and employability. It further carefully reviewed Charlotte's need for maintenance under § 40-4-203, MCA. The court's findings are equitable, sufficient, supported by the evidence, and not clearly erroneous. Nor do the court's rulings constitute an abuse of discretion.

¶13 Lastly, the court's inadvertent use of an incorrect account balance in its calculations resulted in an inconsequential error and does not warrant reversal.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings of fact are not clearly erroneous and the court's ruling was not an abuse of discretion.

¶15 We decline to address Charlotte's tax consequences issue on cross-appeal. We further decline her request for attorney fees on appeal.

¶16 Affirmed.

/S/ MICHAEL E WHEAT

5

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE